UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>DANA MILLER,<br><br>            Plaintiff Intervenor,<br><br>JANELLE SEVILLA,<br><br>            Plaintiff Intervenor,<br><br>      v.<br><br>PACIFIC HOSPITALITY, LLC, d/b/a LA QUINTA INN FEDERAL WAY, et al.,<br><br>            Defendants. | CASE NO. C10-5715BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER |

This matter comes before the Court on Plaintiff Equal Employment Opportunity Commission's ("EEOC") motion for protective order (Dkt. 18). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 30, 2010, the EEOC filed a complaint against Defendants Pacific Hospitality, LLC, d/b/a La Quinta Inn Federal Way, and Seasons Hotel, LLC, d/b/a Best

ORDER - 1

Western Tacoma Dome Hotel ("Defendants") alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2, 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Dkt. 1. Specifically, the EEOC alleges that Defendants' General Manager, Syed Ahmed, subjected female employees to discrimination and a hostile work environment based on the employees' race, sex, and/or religion. *Id.* ¶¶ 7-12.

On September 14, 2011, the EEOC filed a motion for a protective order preventing Mr. Ahmed from attending the depositions of the employees that Mr. Ahmed allegedly discriminated against. Dkt. 18. On September 21, 2011, Defendants responded. Dkt. 29. On September 23, 2011, the EEOC replied. Dkt. 32.

## II.  FACTUAL BACKGROUND

Mr. Ahmed was the manager of several employees who comprise the class of individuals represented by the EEOC. None of the claimants currently work for the Defendants. Some of the employees have submitted declarations alleging that Mr. Ahmed threatened them with physical violence and directed violent outbursts toward them. *See* Dkts. 19-27. Mr. Ahmed denies the allegations of misconduct.

## III.  DISCUSSION

The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). The order may designate the persons who may be present while the discovery is conducted. *Id.* 26(c)(1)(E).

In this case, the EEOC requests a protective order excluding Mr. Ahmed from the depositions of the former employees. Dkt. 18. The EEOC, however, has failed to show that good cause exists for the requested order. First, the facts submitted in support of the order are disputed and lack medical opinion. Second, multiple parties, including lawyers, will be present at the depositions to provide a safe and calm atmosphere. Third,

excluding Mr. Ahmed from the depositions might prejudice Defendants because Mr. Ahmed is the only representative of Defendants who was present when the alleged misconduct occurred. Therefore, the Court finds that the EEOC has failed to meet its burden at this time.

Although the Court will not order the exclusion of Mr. Ahmed, he shall be informed that his presence at the depositions should not be disruptive. Mr. Ahmed may assist Defendants' attorneys with missing facts or probing for facts, but the assistance shall not be while the testimony is being offered. The Court trusts that the parties can work together to provide deposition atmospheres that are free from intimidation or unnecessary disruptions.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that EEOC's motion for protective order (Dkt. 18) is **DENIED**.

DATED this 30th day of September, 2011.

BENJAMIN H. SETTLE  
United States District Judge