1

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

3

4

5

6

7

8

9

10

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                    Plaintiff,

        v.

PACIFIC HOSPITALITY LLC, d/b/a LA
QUINTA INN FEDERAL WAY;
SEASONS HOTEL LLC d/b/a BEST
WESTERN TACOMA DOME HOTEL,

                    Defendants.

CASE NO. C10-5715 BHS

ORDER GRANTING IN PART
AND DENYING IN PART
MOTION TO ISSUE SUBPOENA

11

12

13

14

15

16

17

        This matter comes before the Court on Defendants Pacific Hospitality, LLC d/b/a

La Quinta Inn Federal Way and Seasons Hotel LLC d/b/a Best Western Tacoma Dome

Hotel's ("Defendants") motion to authorize issuance of subpoena pursuant to RCW

50.13.070.  Dkt. 51.  The Court has considered the pleadings filed in support of and in

opposition to the motion and the remainder of the file and hereby grants in part and

denies in part the motion for the reasons stated herein.

18

## I. PROCEDURAL HISTORY

19

20

21

22

        On September 30, 2010, the Equal Employment Opportunity Commission

("EEOC") filed a complaint against Defendants alleging violations of Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2, 2000e-5(f)(1) and (3), and

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  Dkt. 1.  Specifically, the

1      EEOC alleges that Defendants' General Manager, Syed Ahmed, subjected female

2  employees to discrimination and a hostile work environment based on the employees'

3  race, sex, and/or religion.  *Id*. ¶¶ 7-12.

4      On March 16, 2011, Intervenor Plaintiff Dana Miller ("Miller") filed a complaint

5  against Defendants.  Dkt. 12.

6      On September 2, 2011, Intervenor Plaintiff Janelle Sevilla ("Sevilla") filed a

7  complaint against Defendants.  Dkt. 16.

8      On April 5, 2012, Defendants filed a motion to authorize issuance of subpoena

9  pursuant to RCW 50.13.070.  Dkt. 51.  On April 16, 2012, the EEOC responded.  Dkt.

10  56.  On April 20, 2012, Defendants replied.  Dkt. 58.

11                            **II. FACTUAL BACKGROUND**

12      Claimant Heather Sawyer ("Sawyer") has testified that she sought unemployment

13  on three occasions, from Best Western Park Center before she worked for Defendants,

14  from Defendants, and from the Days Inn in Federal Way after she worked for the

15  Defendants.  Dkt. 52, Declaration of James C. Fowler ("Fowler Decl."), Exh. 1

16  (Deposition of Heather Sawyer) at p. 8.  In all three occasions, Sawyer alleges she was in

17  an abusive working environment.  *Id*. pp. 12-13, 19-20.  At the Best Western, she claims

18  she was "screamed at and belittled at the front desk."  *Id*. at p. 12.  She claims to have

19  suffered panic attacks from her employment and alleges Defendants actions are the cause

20  of the attacks instead of her other allegedly abusive employers.   *Id*. at p. 120.

21

22

1    Claimant Caroline Mcintyre ("Mcintyre") claims she was wrongly fired from

2  Applebee's for a false accusation of theft, and prevailed on her argument with the

3  Employment Security office.  *Id*., Exh. 2.

4    Defendants allege that Miller falsified evidence in prior unemployment claims

5  against the Defendants (Dkt. 51 at 2-3) and submitted the Employment Security judge's

6  finding and conclusions (Fowler Decl., Exh. 3).

7                                    **III. DISCUSSION**

8    The Washington statute, RCW 50.13.070, requires specific findings to be included

9  in a subpoena directed to the Employment Security Department for production of

10  confidential unemployment compensation records. The statute provides as follows:

11    Information or records deemed private and confidential under this
    chapter shall be available to parties to judicial or formal administrative
12    proceedings only upon a finding by the presiding officer that the need for
    the information or records in the proceeding outweighs any reasons for the
13    privacy and confidentiality of the information or records. Information or
    records deemed private and confidential under this chapter shall not be
14    available in discovery proceedings unless the court in which the action has
    been filed has made the finding specified above. A judicial or
15    administrative subpoena directed to the employment security department
    must contain this finding. A subpoena for records or information held by
16    the department may be directed to and served upon any employee of the
    department, but the department may specify by rule which employee shall
17    produce the records or information in compliance with the subpoena.

18  RCW 50.13.070.

19    In this case, Defendants have shown that the need for the records in this

20  proceeding outweighs any need for privacy and confidentiality of the records in question.

21  Sawyer, Mcintyre, and Miller have put certain employment histories and experiences at

22  issue that are relevant to the claims in this matter.  Defendants should have a fair

ORDER - 3

1  opportunity to explore any information submitted to the Employment Security office

2  regarding these histories and experiences.  Therefore, the Court grants Defendants'

3  motion as to the records of Sawyer, Mcintyre, and Miller.

4       With regard to the other claimants listed in the sample subpoena (Dkt. 51-1 at 4-

5  5), Defendants have failed to show a need for these records or for confirmation that

6  records do not exist.  Employment Security Department records are entitled to a

7  presumption of confidentiality and Defendants have failed to show that there is a need for

8  "[a]ny and all compensation records" for any other individual.  Defendants state that their

9  intent is to confirm that some claimants have not received or applied for compensation.

10  Dkt. 51 at 3.  This task, however, may be accomplished via written questions to the

11  department instead of requesting a claimant's entire record with the department.

12  Therefore, the Court denies Defendants' motion as to the remainder of the claimants.

13  **IV. ORDER**

14       Therefore, it is hereby **ORDERED** that Defendants' motion to authorize issuance

15  of subpoena pursuant to RCW 50.13.070 (Dkt. 51) is **GRANTED in part** and **DENIED**

16  **in part** as stated herein.

17       Dated this 16th day of May, 2012.

18

19

20  BENJAMIN H. SETTLE
    United States District Judge

21

22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22